**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard B. Atwood,            ) | No. CV-10-2783-PHX-GMS |
|                                       ) | |
| Plaintiff,       ) | **ORDER** |
|                                       ) | |
| vs.                                ) | |
|                                       ) | |
| MJKL Enterprises, LLC dba Carl's Jr., ) | |
|                                       ) | |
| Defendant.    ) | |
|                                       ) | |

Pending before the Court are Plaintiff's Motion for Summary Judgment (Doc. 35) and Defendant's Motion for Summary Judgment (Doc. 40). For the reasons stated below, Plaintiff's motion is denied and Defendant's motion is granted.

**BACKGROUND**

On March 23, 2009, Defendant hired Plaintiff as an at-will employee for its Carl's Jr. restaurant located at 5105 W. Thunderbird Road in Glendale, Arizona. (Doc. 41-1, Ex. B). On October 22, 2009, he was fired for insubordination and for violating Defendant's sexual harassment policy. (Doc. 41-1, Ex. D). On September 7, 2010, Plaintiff contacted the Equal Opportunity Employment Commission ("EEOC"); in his initial interview he stated that his supervisors had left food out beyond its expiration date and that he had been fired for complaining about his supervisors. (Doc. 41-5, Ex. K). Although the EEOC investigator discussed whistleblower protection with Plaintiff, he chose to file a charge of discrimination based on race, sex, age, national origin, and retaliation. (*Id.*). On September 27, 2010, the

EEOC found that it could not substantiate the charge, and issued Plaintiff a letter notifying him of his right to sue. (*Id.*).

Plaintiff filed this lawsuit on December 27, 2010, amended his complaint on April 22, 2011, and filed a second amended complaint on August 8, 2011. (Docs. 1, 8). The complaint contains twelve causes of action,[1] alleging various violations of federal law, including retaliation and discrimination on the basis of race, age, sex, and national origin, hostile work environment, and violations of the Sarbanes-Oxley Act ("SOX"). (Doc. 22). Plaintiff moved for default judgment on March 23, 2012, and the Court denied the motion on April 17, 2012. (Docs. 31 and 34). Plaintiff moved for summary judgment on May 3 and Defendant moved for Summary Judgment on May 4. (Docs. 35 and 40). After Defendant responded to Plaintiff's summary judgment motion, Plaintiff filed a document titled "Support and/or Opposition to the motion for Summary Judgment on the Pleadings Alternatively Summary Judgment" and an accompanying "Memorandum of Points and Authorities Statement of Facts." (Docs. 47, 49). These two documents were interpreted at the time by the Court to be Plaintiff's reply to Defendant's response to his summary judgment motion. Plaintiff filed a motion for an extension of time to file a Response to Defendant's summary judgment motion, which was denied on June 4. (Doc. 50). Plaintiff's Response was due on June 7, and he filed another motion for an extension on June 21. (Doc. 52). He was granted until July 2 to file his response. (Doc. 54). He filed a response on July 11.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary

---

[1] Plaintiff's causes of action are numbered from one to thirteen, with no cause identified for number nine. (Doc. 22).

1 judgment, and the disputed evidence must be "such that a reasonable jury could return a 2 verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). 3 "[A] party seeking summary judgment always bears the initial responsibility of informing 4 the district court of the basis for its motion, and identifying those portions of [the record] 5 which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.* 6 *v. Catrett*, 477 U.S. 317, 323 (1986).

7 A court must grant summary judgment if the pleadings and supporting documents, 8 viewed in the light most favorable to the nonmoving party, "show that there is no genuine 9 issue as to any material fact and that the moving party is entitled to judgment as a matter of 10 law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); 11 *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law 12 determines which facts are material, and "[o]nly disputes over facts that might affect the 13 outcome of the suit under the governing law will properly preclude the entry of summary 14 judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger*, 24 F.3d 15 at 1130.

16 The Court must construe pleadings filed by unrepresented parties generously, but "pro 17 se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 18 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). When a party fails to 19 respond to a summary judgment motion, "such non-compliance may be deemed a consent 20 to the denial or granting of the motion and the Court may dispose of the motion summarily." 21 LRCiv. 7.2(I). Nevertheless, "a nonmoving party's failure to comply with local rules does 22 not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement 23 to judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003).

24 **II.    Analysis**

25     **A.    Plaintiff's Motion**

26 Plaintiff seeks summary judgment because "Carl's Jr. Restaurants failed to Answer" 27 his second amended complaint. (Doc. 35). As he acknowledges, however, "MJKL 28 Enterprises, AZ LLC dba Carl's Jr. did file their Answer." (*Id.*). Plaintiff's complaint is based

- 3 -

entirely upon actions related to his employment at a Carl's Jr. restaurant on Thunderbird Road, and has been answered by MJKL Enterprises AZ LLC dba Carl's Jr. His motion for summary judgment is denied.

### B. Defendant's Motion

Plaintiff did not file a timely response to Defendant's motion for summary judgment, and instead filed for an extension of time on May 25, after his response was due. (Doc. 52). The Court granted Plaintiff an extension to July 2, but Plaintiff did not file a response until July 11. (Doc. 60). "Although [the Court] construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Local Rule 7.2(i) provides that if a defendant files a motion to dismiss and the plaintiff "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Before dismissing a case for failure to prosecute or follow a local rule, the Court must weigh five factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the [non-moving party] (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *See Ghazali*, 46 F.3d at 53. Failing to consider Plaintiff's response may cause him prejudice, and summary disposition would subvert the public policy interest of deciding cases on the merits. Moreover, considering his response would not delay the length of litigation, or create problems for the Court's docket. The Court will therefore consider Plaintiff's untimely response to Defendant's motion.

Defendant argues that: 1) Plaintiff's Title VII and ADEA claims are time-barred, 2) his harassment claims have no factual support, 3) His retaliation claim fails because he has not demonstrated that he engaged in protected activity, 4) He was not denied a promotion because he was not qualified for the position to which he applied, 5) OSHA does not provide a private cause of action for his claim, 6) He fails to state a whistleblower claim under SOX, and 7) Defendant had legitimate, non-discriminatory reasons for terminating him. Since their

1 first argument resolves nearly all of the complaint, it will be addressed first, after which
2 unresolved allegations will be considered.

### 1. Timeliness

On July 1, 2010, the EEOC sent Plaintiff a letter in response to a telephone call he had made on January 19, 2010. (Doc. 41-4, Ex. 3, att. f). In the letter, the EEOC noted that Plaintiff had 180 days from the date of harm in which to file a complaint that would not be time-barred, and that this deadline would be extended to 300 days if the alleged conduct was a violation of state law in addition to federal law. (*Id.*). Plaintiff was officially discharged on October 22, 2009, for actions that took place on October 19, 2009. (Doc. 41-1, Ex. D). Plaintiff filed his original charge of discrimination on September 21, 2010, more than three hundred days after he was discharged, even though he had been informed in writing of the deadline. (Doc. 41-5, Ex. 3, att. k). Plaintiff does not argue that the statute of limitations ought to have been tolled. His entire response to the timeliness argument is as follows: "This is simply not the case. Defendants knew the plaintiff was well within the statutory limits when they filed their motion for summary judgment." (Doc. 60 at 6). For this proposition, Plaintiff cites to Defendant's Rule 26 disclosure statement. This statement does not contradict the record, which demonstrates that Plaintiff filed his initial complaint after more than 300 days had passed, violating the deadline that he was provided in writing.

Since all of Plaintiff's Title VII and ADEA claims are untimely, the Court need not consider them on the merits. His only remaining claims are Claim One (SOX) and Claim Eleven (OSHA). These will be discussed in turn.

### 2. Remaining Claims

#### a. Claim One - SOX

The Sarbanes-Oxley Act provides protection to whistleblowers at publicly-traded companies who "provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344 or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against

shareholders." 18 U.S.C. § 1514A(a)(1)(A) (2006). Plaintiff alleges that he was retaliated against for complaining about perceived food safety violations. (Doc. 22 ¶ 38–41). Plaintiff does not allege that he complained of securities violations or any other violations covered by SOX, and this claim will therefore be dismissed.

### b. OSHA

The Occupational Safety and Health Act ("OSHA") provides for a complaint process and a remedy for those who believe they have been wrongfully discharged for pointing out violations: they may "file a complaint with the Secretary alleging such discrimination." 29 U.S.C. § 660(c)(2). There is no federal law supporting a suit filed in district court alleging OSHA violations, and "no federal cause of action for an employer's retaliatory discharge of an employee who has filed a complaint" under OSHA. *Sandoval v. New Mexico Tech. Grp.*, 174 F. Supp. 2d 1224, 1229 (D. N. M. 2001). Plaintiff's OSHA complaint does not contain a recognized cause of action, and will be dismissed.

## CONCLUSION

Plaintiff filed his response after the deadline established when he moved for an extension after the original deadline for responding had passed. His response was nevertheless considered by the Court. Plaintiff's claims of retaliation, sex discrimination, race discrimination, age discrimination, hostile work environment, and wrongful termination are time-barred. His SOX claim fails because he does not allege he was retaliated against for complaining of securities violations, and his OSHA claim fails because OSHA does not provide a private right of action.

/ / /

/ / /

/ / /

- 6 -

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion for Summary Judgment (Doc. 35) is **denied**.

2. Defendant's Motion for Summary Judgment (Doc. 40) is **granted.**

3. Motions 55, 58, and 59 are **dismissed as moot**.

4. The Clerk of Court shall **terminate this lawsuit**.

DATED this 17th day of July, 2012.

G. Murray Snow
United States District Judge